UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-CR-214-CVE |
| | ) | |
| JEFFREY BRENT THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Now before the Court is defendant's motion to continue the pretrial conference and jury trial (Dkt. # 35). Defendant requests a continuance of the pretrial conference set for January 5, 2022 and the jury trial set for January 18, 2022, and has executed a speedy trial waiver (Dkt. # 34). On May 4, 2021, a grand jury returned an indictment charging defendant with two counts of aggravated assault of a federal officer with a deadly or dangerous weapon (counts one and two) and eluding a peace officer in Indian country (count three). Dkt. # 15. Defendant states that his attorney needs additional time to review the discovery, investigate the charges against defendant, and to engage in plea negotiations or prepare for trial. Dkt. # 35, at 2. Defendant requests a 60 day extension of all deadlines in the scheduling order. Plaintiff does not oppose defendant's request for a continuance.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest

of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Defense counsel's request for additional time to prepare for trial is reasonable, and defendant has executed a speedy trial waiver (Dkt. # 34) asking the Court to exclude any period of delay for an ends of justice continuance. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that defendant's motion to continue the pretrial conference and jury trial (Dkt. # 35) is **granted**. The pretrial conference set for January 5, 2022 and jury trial set for January 18, 2022 are **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | February 11, 2022 |
| Responses due: | February 25, 2022 |
| **PT/CP/Motions Hearing:** | **March 11, 2022 at 10:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | March 14, 2022 |
| **Jury Trial:** | **March 21, 2022 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time from January 18, 2022, inclusive, to March 21, 2022, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 4th day of January, 2022.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE